IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Mary Elizabeth Lavia<br><br>Plaintiff<br><br>v.<br><br>United Van Lines, LLC<br>Johnson Storage & Moving, Co<br><br>Defendants | **Case No. 4:23-cv-00422-RGE-SBJ**<br><br>**AMENDED PETITION AT LAW** |



RECEIVED
NOV 20 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

HISTORY:

On January 20, 2022 my household goods were moved from Denver, CO to Des Moines, Iowa. I retained United Van Lines, LLC ("United") for the move. Johnson Storage & Moving, Co, United's household goods agent ("Agent") packed and moved my household items.

U0026-00495-2 WAS ASSIGNED AS MY REFERENCE NUMBER.

I notified Agent shortly after the move that five items, a lamp, a large frame, my sofa, desk, and dining room table were damaged in the move.

On March 18, 2022 1 received an email from Agent informing me Claims Team 9 of UniGroup, C.A. ("UNI") had been assigned to my claim.

In mid-March 2022 1 electronically submitted a Claim Form provide by Agent. Without researching today's replacement cost I placed a value on the table of $5,000.

On April 18, 2022 UNI requested replacement costs for the desk and tapestry to finish the review of the report. (NOTE: the tapestry was not damaged, it was the tapestry frame.) Also, I was asked to provide substantiation of value for the dining room table.

On May 25, 2022 UNI notified me it was determined three of the damaged items, the sofa, lamp and tapestry frame could be repaired, ("Approved Repairs"), and the desk and table top not handled in repair would be reviewed in settlement once the Approved Repairs were completed.

On July 1, 2022 I sent UNI an e-mail from Saporiti, the manufacturer of the table, substantiating the value for a replacement dining table at 16,500 Euro (approximately $18,000).

On July 12, 2022 UNI acknowledged receipt of the July 1, 2022 email.

On July 15, 2022 Approved Repairs were completed.
Unlike for the table and sideboard, I was not able to substantiate value for the desk. The store had gone out of business, and there was no label on the desk to contact the manufacturer for information. I searched numerous websites for my desk or a similar desk and eventually found a desk of Like Kind and Like Quality on Wayfair.com for $1,490. I submitted a picture of that desk and price for the current replacement cost. Based on this information I was paid FULL VALUE REPLACEMENT of $1,490.

In February 2023 it was determined the table could not be repaired.

On March 1, 2023 (Eight months after I claimed the substantiated value at 16,500 Euro, UNI asked if I was still claiming the $5,000 as shown on the original claim.

On March 3, 2023, I responded that having substantiated the table's value at 16,500 Euro, (as per UNI's instructions), in my July 8, 2022 e-mail to them that no, the $5,000 was not the amount being claimed. I also stated per the Contract since the table and sideboard were a matching set, I was making an additional claim of 26,920 Euro (approx. $29,612), for the sideboard.

On March 9, 2023 UNI informed me since I was now claiming the set, they would have to proceed with an appraisal. In a series of emails UNI stated since Saporiti could not provide the cost of my items, getting an Appraiser will help them get the replacement cost for those items for today's market value.

I reminded UNI, as stated in Saporiti's email they could not provide a cost for the table and sideboard as they no longer make that particular Collection, ("EVERY") of the table and sideboard. However, they did provide other LIKE KIND and QUALITY tables and sideboards and today's market value for those items.

On May 2, 2023 UNI informed me for Full Replacement Value an additional payment of $7,735 would be paid on the claim. This was later corrected to $8,200 but did not include a shipping fee of $1,190 as shown in the 1st Dibs website or sales tax. UNI also stated the claim for the sideboard was denied as the Appraiser found since these items could be purchased separately, they were not a set.

On May 15, 2023, after two requests I received a copy of the Appraisal. Nowhere in the Appraisal did it say this, even though along with dining tables the Appraisal showed sideboards as replacement options.

I fulfilled all my obligations under the terms of the contract. I also paid an additional $1,532.62 to have items crated, one of which was the dining table top. I also paid extra for the FULL VALUE PROTECTION OPTION. I willingly paid these extra fees to ensure my goods would arrive safely and be fully insured against possible damage.

---

2.

CLAIM FOR DAMAGES FOR MOVE U0026-00495-2

The basis for this law suit is United Van Lines, LLC, ("United"), and Johnson Storage & Moving Co., United's household goods agent, ("Agent"), are in breach of certain terms of the contract, the "ORDER OF SERVICE/BILL OF LADING, ("Contract").

Page one of the Contract states in all caps:

YOU HAVE CHOSEN THE FULL VALUE PROTECTION OPTION. Our records show that you have chosen the FULL VALUE PROTECTION option and you have agreed that our liability to you for loss and damages will be to repair or replace those goods, up to a maximum of $61,900 with $0.00 deductible,

Page 2 of the Contract states:

Pairs and Sets — If any one item in a set is damaged and cannot be fixed or replaced to match the set, United Van Lines will replace or pay for the entire sets' replacement.

On page 49 in Mover's brochure, "Your Rights and Responsibilities When You Move", which movers are required by the Code of Federal Regulations, 49 CFR 375.213, to provide the client moving from one state to another state, it says:

"Full Value Protection Option is the most comprehensive plan available for the protection of your goods. When you select this option, articles that are lost, damaged or destroyed will, at the mover's option, be either repaired, replaced with articles of like kind and quality, or a cash settlement will be made for the repairs or for the replacement of the articles at their current market value, regardless of the age of the lost or damaged articles. However, the mover's obligation is capped at the amount included on your Bill of Lading."

On May 2, 2023, fourteen months after a claim was filed, UNI informed me after reviewing the Appraisal they would pay:

"Full Replacement- Additional payment of $7, 735.00 and the table picked up for salvage. "

Due to the same three-time $465 monetary error by UNI, they finally corrected that amount to $8,200. UNI also stated: "You had added a sideboard for the set/pairs part of your contract. For the sideboard it was found by the appraiser that this item can be purchased separately and does not come in a set. We will not be paying on the sideboard".

3.

The Contract calls for FULL VALUE PROTECTION, for which I paid an additional amount.

United and Agent are in breach of the terms of Full Value Protection as defined in United's brochure: "Your Rights and Responsibilities When You Move".

United and Agent are in breach of the terms of Pairs and Sets in the Contract.

**FULL VALUE PROTECTION TERMS:**

OPTION 1. REPAIRED

It was established the table cannot be repaired.

OPTION 2. REPLACED WITH ARTICLES OF LIKE KIND AND QUALITY

The 1st Dibs table, although of LIKE QUALITY as it is made by Saporiti, does not meet the requirement for LIKE KIND.

OPTION 3. A CASH SETTLEMENT FOR THE REPLACEMENT OF THE ARTICLE AT THEIR CURRENT MARKET VALUE REGARDLESS OF AGE

WHEREAS it was established the table cannot be REPAIRED.
WHEREAS the 1st Dibs table does not meet the standards of LIKE KIND.
WHEREAS the table and sideboard are matching items from the "EVERY" Collection, yet the claim for why they cannot be considered a SET is they could be purchased separately does not substantiate they are not a Set.

WHEREAS the only reasons provided for not honoring the terms of the Contract are:

1. Saporiti cannot quote a price for the table because they no longer make that particular design.

WHEREAS Saporiti provided a table and sideboard they currently make that meets the requirement of LIKE KIND AND QUALITY at its Current Market Value of 16,500 Euro ($18,150), for the table and 26,920 Euro ($29,612) for the matching sideboard. (These prices do not include packaging, shipping or duty,)

4.

2. Because the table and sideboard could be purchased separately, they do not constitute a Set.

3. WHEREAS the table and matching sideboard do constitute a Set,

ONLY OPTION THREE REMAINS

WHEREAS the offer of $8,200 for a replacement table that is not LIKE KIND and the refusal to pay for the matching sideboard as part of a Set constitute a material breach of Full Value Replacement Option and Pairs and Sets in the Contract, I ask the court to grant relief of $53,623 pursuant to the terms of the Contract. ($47,762 for the table and sideboard + $1,672 for

3.5% Duty on the table, + $4,189.00 for packaging and shipping for both.


DATE: November 20, 2023

*[signature]*
Mary Elizabeth Lavia



| | |
|---|---|
| Address: | 5814 Walnut Hill Avenue |
| | Des Moines, Iowa 50312 |
| Email: | luccalavia@yahoo.com |

Telephone: 720-732-2727

5.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was mailed to

Jason Palmer, Partner

Lamson Dugan & Murray LLC

1045 76th Street

Suite 3000

West Des Moines, IA 50266

On November 21, 2023

*/s/ Mary E. Lavia*

Mary E. Lavia